CHRISTOPHER J. PASSARELLI, State Bar No. 241174
JOY L. DURAND, State Bar No. 245413
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Suite 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
CHRISTINE N. TRICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Christine N. Trice,

Plaintiff,

vs.

Primitives by Kathy, Inc., and DOES 1 to 10

Defendants.

CASE NO.

**COMPLAINT**

1. **Federal Trademark Infringement**
2. **Federal Unfair Competition**
3. **California Unfair Competition**
4. **California False or Misleading Statements**
5. **Common Law Trademark Infringement**
6. **Common Law Unfair Competition**
7. **Declaratory Relief**

**DEMAND FOR JURY TRIAL**

Plaintiff, Christine N. Trice ("Trice" or "Plaintiff"), for its complaint against Defendant, Primitives by Kathy, Inc. ("Primitives") and DOES 1 to 10 (collectively, "Defendants")alleges as follows:

**NATURE OF ACTION**

1. This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), federal unfair competition (15 U.S.C. §1125(a)), California unfair competition (Cal. Bus. & Prof. Code §17200), the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500) and common law trademark infringement and unfair competition, as the result of willful and



DICKENSON PEATMAN & FOGARTY

unauthorized use by Defendants of colorable imitations of Plaintiff's trademark, as more fully set forth hereinafter. This is also an action declaratory relief under the Declaratory Judgment Act seeking a declaration of the Court that Plaintiff has not abandoned its registered and common law trademarks, and that such marks in fact do function as trademarks. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants' infringement of Plaintiff's trademark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff, Christine N. Trice, is an individual residing at 2739 Via Villagio, Sacramento, California 95864.
3. Upon information and belief, Defendant, Primitives by Kathy, Inc., is a Pennsylvania corporation with its corporate offices located at 1817 William Penn Way, Lancaster, Pennsylvania 17601.
4. Upon information and belief, the Defendants sued herein as DOES 1-10 are individuals and entities whose names and identities are currently unknown to Plaintiff and who are engaged in the acts described below, including numerous wholesale and retail sellers, online retailers, customers, and partners of Plaintiff. Plaintiff will amend this complaint to identify these individuals or entities as soon as their identities become known.
5. Plaintiff is informed and believes and, based thereon alleges that at all times relevant to this complaint, there existed a relationship between each of the Defendants in the nature of a joint venture, partnership, principal and agent, employer and employee, master and servant, aider and abettor, and principal and/or conspirator. Each and every act of each of the Defendants was duly authorized or ratified by each of the other Defendants and carried out within the course and scope of such relationship.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham

DICKENSON PEATMAN & FOGARTY

Act, 15 U.S.C. § 1051, *et seq*. This Court also has jurisdiction over this matter under 28 U.S.C. §§ 2201(a) and 2202 in that this is an action for declaratory judgment that the Plaintiff has not abandoned its registered and common law trademarks, and that such marks in fact do function as trademarks. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

7. Upon information and belief, Defendants, either directly or through their agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendants are doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

9. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

**ALLEGATIONS COMMON TO ALL CLAIMS**

10. Plaintiff is the owner of the trademark OMG I SO NEED A GLASS OF WINE OR I'M GONNA SELL MY KIDS for "social club services, namely, arranging, organizing, and hosting social events, get-togethers, and parties for club members" in International Class 41 with a first use in commerce date as early as November 2008 (U.S. Trademark Registration No. 4,095,211) as well as the owner of U.S. Trademark Application No. 87/250,342 for the mark OMG I SO NEED A GLASS OF WINE OR I'M GONNA SELL MY KIDS for "drinking glasses" in International Class 21 with a first use in commerce date as early as February 2010 (collectively, the "OMG Mark"). Plaintiff has used the OMG Mark on and in association with social event services since as early as 2008 and on and in association with drinking glasses since as early as 2010, long prior to the acts of Defendant complained of herein.



DICKENSON PEATMAN & FOGARTY

11. Plaintiff owns extremely valuable goodwill in her OMG Mark and the mark has significant financial value.

12. Upon information and belief, Defendant Primitives is a wholesaler and retailer which creates, imports and sells home decor and gifts often accompanied by slogans, including box signs, as well as novelty wine glasses (goods of the type sold by Plaintiff under the OMG Mark), other drinkware, kitchen and dining ware. Defendant's box signs are characterized by a three dimensional, box shape and feature messages that can be displayed, e.g., on a wall or a shelf.

13. In December 2016, after receiving inquiries from confused consumers, Plaintiff discovered that Defendant was selling box signs featuring the OMG Mark in commerce, and counsel for Plaintiff sent Defendant Primitives a demand letter requesting that it cease use of the OMG Mark. Kathy Phillips, the owner of Defendant Primitives, responded to Plaintiff by apologizing and conceding Plaintiff's superior rights and requested that Plaintiff grant a license and accept a royalty so that Defendant could continue use of the OMG Mark.

14. The parties negotiated over several weeks and were ultimately unable to achieve resolution.

15. Thereafter, Defendant Primitives retained counsel on or around February 7, 2017 and filed a Petition to Cancel Plaintiff's U.S. Trademark Registration No. 4,095,211 on the bases of (1) abandonment and (2) failure to function as a trademark, thus initiating USPTO Cancellation Proceeding No. 92065380.

16. Defendant Primitives' counsel contacted counsel for Plaintiff by email on February 8, 2017 in an attempt to continue discussions regarding a prospective license and royalty, referencing the Petition to Cancel and offering to withdraw such proceeding in the event that Plaintiff accepted its proposed royalty figure.

17. Upon information and belief, Defendants adopted the OMG Mark willfully, with knowledge of Plaintiff's prior use and/or registration of the mark to capitalize upon Plaintiff's OMG brand and to unfairly compete with Plaintiff by misleading consumers

DICKENSON PEATMAN & FOGARTY

and obfuscating the origin of the OMG Mark and brand.

18. Upon information and belief, Defendants have used the OMG Mark in commerce willfully, and in an unauthorized manner, both prior and subsequent to receiving notice of (and acknowledging) Plaintiff's federal registration and superior common law rights.

19. Upon information and belief, Defendants' adoption and/or use of the OMG Mark in commerce was subsequent to Plaintiff's adoption, use and registration of her OMG Mark.

20. Upon information and belief, use of the OMG Mark by Defendants has caused actual confusion among consumers and is likely to confuse consumers into believing that Defendants' goods bearing the OMG Mark are affiliated with, associated with, connected to, or sponsored by Plaintiff, and Defendants will unjustly benefit from such association.

21. Upon information and belief, Defendants' infringing use of the OMG Mark has and will continue to unjustly increase the profitability of Defendants' brand to the detriment of Plaintiff and at no cost to Defendants.

22. Upon information and belief, Plaintiff will be further harmed as consumers will continue to purchase Defendants' goods bearing the OMG Mark believing them to be affiliated with, associated with, connected to, or sponsored by Plaintiff, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

23. Upon information and belief, Defendants' infringing use of the OMG Mark has and will continue to financially harm Plaintiff by diminishing the value of Plaintiff's OMG Mark.

24. Upon information and belief, Defendants' use of the OMG Mark will also diminish the value of Plaintiff's OMG Mark and endanger the ability of Plaintiff's OMG Mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

25. Unless restrained by this Court, Defendants will unfairly compete with Plaintiff by using the OMG Mark, wherefore Plaintiff is without adequate remedy at law.



DICKENSON PEATMAN & FOGARTY

26. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

**FIRST CAUSE OF ACTION**

(Federal Trademark Infringement under 15 U.S.C. §1114)

27. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

28. Defendants' above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of the Defendants' aforesaid goods or services in violation of 15 U.S.C. §1114.

**SECOND CAUSE OF ACTION**

(Federal Unfair Competition under 15 U.S.C. §1125(a))

29. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

30. The Defendants' above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the goods offered in connection therewith in violation of 15 U.S.C. §1125(a).

**THIRD CAUSE OF ACTION**

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

31. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

32. The Defendants' above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

**FOURTH CAUSE OF ACTION**

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

33. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

34. The Defendants' above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

**FIFTH CAUSE OF ACTION**

(Common Law Trademark Infringement)

35. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

36. The Defendants' above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

**SIXTH CAUSE OF ACTION**

(Common Law Unfair Competition)

37. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

38. The Defendants' above-averred actions constitute a false designation of origin in violation of the common law of California.

///

///

///

DICKENSON PEATMAN & FOGARTY

## SEVENTH CAUSE OF ACTION

(Declaratory of Validity and Ownership by Plaintiff of Reg. No. 4,095,211)

39. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous numbered paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

40. Plaintiff contends that its common law OMG Mark and corresponding Reg. No. 4,095,211 and Appln. Ser. No. 87/250,342 are valid, registerable, enforceable trademarks properly owned by Plaintiff.

41. Defendant Primitives, on the other hand, in its Petition to Cancel for USPTO Cancellation Proceeding No. 92,065,380, contends that the Plaintiff's OMG Mark and registration are abandoned by Plaintiff, that the OMG Mark does not function as a trademark, and is not properly subject to federal registration.

42. Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a judicial declaration that Plaintiff's common law OMG Mark and corresponding Reg. No. 4,875,147 are not abandoned, that the OMG Mark functions as a trademark, and qualifies for continued use and/or federal registration as a valid, protectable trademark rightfully owned by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

   a. Using the OMG Mark, or any term or mark confusingly similar to the OMG Mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of their products or services;



DICKENSON PEATMAN & FOGARTY

b. Importing further unauthorized, infringing goods bearing the OMG Mark into the United States;

c. Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendants are one in the same or are in some way connected or that Plaintiff is a sponsor of Defendants or that the goods of Defendants originate with Plaintiff or are likely to lead the trade or public to associate Defendants with Plaintiff;

2. That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3. That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all goods, advertising, promotional materials, point of sale materials, labels, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4. That Defendants be ordered to recall products bearing the infringing OMG Mark from retailers;

5. That Defendants be ordered to pay Plaintiff monetary damages for the wrongful profits and/or actual harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

6. That Plaintiff's damages be trebled and that Defendants be order to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7. That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

8. That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

Dated: March 17, 2017

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By ______________________
Christopher J. Passarelli
Joy L. Durand

1455 First Street, Suite 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Christine N. Trice

DICKENSON PEATMAN & FOGARTY

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated: March 17, 2017

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By ______________________

Christopher J. Passarelli
Joy L. Durand

1455 First Street, Suite 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Christine N. Trice

DICKENSON PEATMAN & FOGARTY